IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                  **CRIMINAL NO. 2:15-CR-22-KS-MTP**

**FRANK MCAFEE**

## ORDER

On April 12, 2016, Defendant Frank McAfee pleaded guilty to conspiracy to possess 500 grams or more of methamphetamine and 500 grams or more of cocaine hydrochloride with intent to distribute, in violation of 21 U.S.C. § 846. On July 8, 2016, the Court sentenced him to 25 years of imprisonment followed by 7 years of supervised release. On January 20, 2022, Defendant filed a Motion to Vacate/Set Aside Judgment of Conviction [158] pursuant to 28 U.S.C. § 2255. The Court denied the Motion to Vacate [158] in an Order [161] entered on April 8, 2022. Defendant subsequently filed a Motion to be Relieved from Judgment [163] pursuant to Rule 60(b)(1), asking the Court to rescind its prior order.

This Court does not have jurisdiction to address a successive § 2255 petition unless the Fifth Circuit grants leave to file it. 28 U.S.C. § 2244(b)(3)(A). "[A] motion filed pursuant to . . . Rule 60(b) is typically considered a successive [petition] if it raises new claims or attacks the federal court's previous resolution of a claim on the merits." *United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005)); *see also*

*Williams v. Thaler*, 602 F.3d 291, 302 n. 4 (5th Cir. 2010) (applying *Gonzalez* to § 2255 proceedings). However, if "a Rule 60(b) motion does not challenge the district court's prior resolution of claims on the merits and instead attacks some defect in the integrity of the federal . . . proceedings, the motion is not the equivalent of a successive . . . petition and should not be construed as such." *Brown*, 547 F. App'x at 641. "Examples of motions attacking a defect in the integrity of the . . . proceedings include a claim of fraud on the court or challenges to a court's procedural ruling which precluded a merits determination, such as when a ruling is based on an alleged failure to exhaust, a procedural default, or a time-bar determination." *Id.*

Here, the Court addressed the merits of Defendant's claim and held that the facts which Defendant admitted were sufficient to infer the existence of a criminal conspiracy, and, therefore, Defendant's counsel's representation did not fall below an objective standard of reasonableness. Defendant just disagrees with the Court's decision. Therefore, the Court concludes that the present motion is a successive § 2255 petition, and the Court does not have jurisdiction to consider it. Accordingly, the Court **denies** Defendant's Motion to be Relieved from Judgment Pursuant to Rule 60(b)(1) [163]. *See* 28 U.S.C. §§ 2255(h), 2244(b)(1).

SO ORDERED AND ADJUDGED this 19th day of April, 2022.

                                                   /s/     Keith Starrett
                                                        KEITH STARRETT
                                    UNITED STATES DISTRICT JUDGE